HARRY BRAVERMAN, PLAINTIFF-APPELLANT, v. MORRIS BRAVERMAN, SOL EIGEN AND H. DICK COHEN, DEFENDANTS-RESPONDENTS.

Argued October 7, 1947—Decided March 29, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiff-appellant, *Edward T. Moore.*

For the defendants-respondents, *Aaron Heller.*

The opinion of the court was delivered by

BURLING, J.   This is an action at law whereby the plaintiff demands possession of thirty-eight shares of stock of the United Bedding Manufacturing Co., a New Jersey corporation, together with other papers named as release, assignments, books, papers and documents.

The sole issue is whether the appellant had the right to rescind a sale of thirty-eight shares of stock of the corporation to the defendant Morris Braverman.   The gravamen is grounded upon the terms of a written contract dated November 3d, 1941, between the plaintiff, Harry Braverman, and the defendant Morris Braverman.   The remaining defendants, Sol Eigen and H. Dick Cohen, were made such because of the escrow provisions in the contract, one being the attorney for the plaintiff and the other attorney for the defendant. The case was tried before the court and without a jury.

From the stipulated facts and evidence, it appears that the plaintiff and defendant Morris Braverman are brothers. They were the sole owners of all the stock of the aforesaid corporation.   On November 3d, 1941, they entered into a written agreement, under the terms of which the defendant Morris

Braverman purchased from the plaintiff all the stock owned by him in the corporation for an agreed price of $3,500, payable in installments. During the period of payment of the sales price, the plaintiff's stock in the corporation as well as certain books and papers as well as a general release from the plaintiff to the said defendant were placed in escrow jointly with the defendants Sol Eigen and H. Dick Cohen who were respective counsel for the plaintiff and the defendant. The contract provided for two payments of $600 each, one on the execution of the agreement and the second by a note payable thirty days from the date of the execution of the agreement. These payments both were made. It further provided for a schedule of installment payments commencing December 10th, 1941, at the rate of $25 each week consecutively until the remaining consideration had been paid. Payments aggregating $1,000 were paid purportedly under this schedule. The agreement contained an acceleration clause as follows:

"3. It is further understood and agreed between the parties hereto that in the event of default of any one of the aforesaid payments and such default exists for a period of two weeks of the date the same becomes due, then in that event the said party of the first part reserves the right to demand the entire unpaid balance then due."

The last payment was made under date of September 20th, 1942. Two further payments were made by the defendant by check, one on October 15th, 1942, in the sum of $100 and the other on November 13th, 1942, in the sum of $100. Acceptance of these two payments was refused by the plaintiff and demand was made for payment of the entire balance, upon the ground that the failure to pay in accordance with the contract invoked the acceleration clause. On October 24th, 1942, the plaintiff notified the defendant in writing that he elected to rescind the contract and demanded the return of the certificate and other papers which had been deposited in escrow. At that time the defendant had paid and there had been theretofore accepted by the plaintiff $2,200. In the amended complaint, paragraph 9, the plaintiff expressed a willingness to return the amount paid on account. No

actual tender was made until the time of trial and then in the form of a certified check. The plaintiff based his right to rescission on the ground that the defendant had made a material breach of the contract and that the provisions of the Uniform Sales Act, *R. S.* 46:30–71, are applicable and which read as follows:

"Where the goods have not been delivered to the buyer, and the buyer has repudiated the contract to sell or sale, or has manifested his inability to perform his obligation thereunder, or has committed a material breach thereof, the seller may totally rescind the contract or the sale by giving notice of his election so to do to the buyer."

The defendant contends that the provisions of the Sales .Act are not applicable to the sale of stock and that nevertheless as a factual matter his actions did not come within the terms of the section.

The Sales Act, *R. S.* 46:30–1, defines goods as follows:

" 'Goods' includes all chattels personal other than things in action and money.  *  *  *"

There has been some difference of opinion as to the application of the Uniform Sales Act to corporate stock, although there is authority to the effect that the statute does apply to such sales, there is other authority to the contrary.  46 *Amer. Juris.* 198.  *Agar et al.* v. *Orda (New York Court of Appeals, 1934),* 264 *N. Y.* 248;  190 *N. E. Rep.* 479; annotations in 99 *A. L. R.* 275.  The case of *Crichfield-Loeffler, Inc.,* v. *Taverna (Supreme Court, 1925),* 4 *N. J. Mis. R.* 310, is pertinent.  There seems to be no other New Jersey case construing this subject in this respect.  In the *Crichfield-Loeffler* case, the Supreme Court in a *per curiam* opinion dealt with a contract to purchase stock of a corporation where the tender of the stock had been refused and made this comment (at *p.* 312) : "Upon an examination of the contract we have reached the conclusion that it is not a subscription agreement, but a contract for the sale of stock controlled by the law appertaining to the sale of goods." And further cited a section of the Sale of Goods Act as to the measure of damage. The inference from this case is that the Uniform Sales Act applies to the sale of stock of a corporation.

We are advised that in the original paper printed in the state of case at page 30 and only marked "opinion," the caption contained the following: "Memorandum, Finding of Fact, Decided May 24th, 1946," thus showing that it was the intention of the court to comply with rule 113 of the Supreme Court which requires finding of facts in issue in trials without a jury and it will be accordingly so dealt with.

The court found as a fact, assuming that the principles of the Sales Act are applicable, the defendant had not repudiated the contract, had not manifested inability to perform and had made no material breach and that the provisions of the statute were not therefore invoked.

The facts support the fact determination of the trial court and are not to be disturbed upon this appeal. *Plymouth Rubber Co., Inc.,* v. *American Sheeplined Coat Co., Inc.* (*Court of Errors and Appeals,* 1933), 111 *N. J. L.* 60.

The judgment for the defendants will be affirmed.